IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

NUTRIEN AG SOLUTIONS, INC.                                   PLAINTIFF

V.                                          Civil Action No. 1:19-cv-184-GHD-DAS

KEVIN BRADLEY FUNDERBURK d/b/a
FUNDERBURK FARMS                        DEFENDANT/COUNTER-PLAINTIFF

V.

NUTRIEN AG SOLUTIONS, INC.                      COUNTER-DEFENDANT

---

OPINION DENYING COUNTER-DEFENDANT'S MOTION TO DISMISS COUNTERCLAIM

Presently before the Court is the Plaintiff/Counter-Defendant's motion [8] to dismiss the Counter-Defendant's Counterclaim [6]. Upon due consideration, the court finds that the motion should be denied.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

The Plaintiff filed the present diversity action on October 17, 2019, asserting that the Defendant failed to pay sums due under a promissory note that was executed on August 9, 2018 [1]. The Defendant answered the Complaint and asserted a Counterclaim [6] against the Plaintiff, averring that the Defendant purchased 400-500 acres worth of soybean seeds (DynaGro Glycine Max lot number M62Y033) from the Plaintiff that resulted in poor crop yields that were lower than the advertised rate (34% versus an advertised rate of 85-90%), and seeking monetary relief [6]. The Plaintiff/Counter-Defendant has now filed a motion to dismiss the Counterclaim, presumably pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, arguing that a previous settlement agreement, which is described below, covers the claim(s) asserted in the present Counterclaim and bars the Defendant/Counter-Plaintiff from seeking relief.

On October 4, 2017, the parties entered into a Settlement Agreement ("the Agreement"), wherein they resolved claims that the present Defendant/Counter-Plaintiff ("Funderburk Farms") previously asserted against the present Plaintiff/Counter-Defendant ("Nutrien Ag") [Settlement Agreement, Doc. No. 8-1]. Those claims arose from Funderburk Farms' purchase of certain soybean seeds that were supplied by Nutrien Ag to Funderburk Farms and/or planted by Funderburk Farms in or around Chickasaw County in May 2017 and that resulted in poor crop yields. Specifically, the Agreement provides that, in return for $70,000.00 in cash consideration, Funderburk Farms releases Nutrien Ag from "any and all actions, causes of actions, suits, complaints . . . known or unknown which [Funderburk Farms] may now have or ever claim to have which arise out of or in any way related to [DynaGro S52RY75 soybean seeds, supplied and/or planted by or for [Nutrien Ag] at or around Chickasaw County, Mississippi, on or about May 15th, 2017, which [Funderburk Farms] claims resulted in poor stand on approximately 200 acres] ..." [Doc. 8-1].

Nutrien Ag argues in its present motion that the Agreement specifically releases it from the claims asserted in Funderburk Farms' present Counterclaim.

## II.      STANDARD FOR DISMISSAL UNDER RULE 12(B)(6)[1]

When deciding a Rule 12(b)(6) motion to dismiss, the Court is limited to the allegations set forth in the complaint and any documents attached to the complaint. *Walker v. Webco Indus., Inc.*, 562 F. App'x 215, 216–17 (5th Cir. 2014) (per curiam) (citing *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004)). "[A plaintiff or counter-plaintiff's] complaint therefore must contain sufficient factual matter, accepted as true, to state a claim to relief that is

---

[1]      It is axiomatic that a motion to dismiss a counterclaim is evaluated under the same standard as a motion to dismiss a plaintiff's complaint for failure to state a claim. *See, e.g., Shakir v. Federal Nat. Mortg. Ass'n*, No. 3:15-CV-44-MPM-JMV, 2015 WL 4997100, at *4 (N.D. Miss. Aug. 20, 2015); *Scarbrough v. Core Lifting of Lafayette LLC*, No. 6:19-CV181, 2020 WL 1228674, at *1 (W.D. La. Mar. 10, 2020).

plausible on its face." *Phillips v. City of Dallas, Tex.*, 781 F.3d 772, 775–76 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007))). A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant [or counter-defendant] is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. 1955).

In other words, "plaintiffs [or counter-plaintiffs] must allege facts that support the elements of the cause of action in order to make out a valid claim." *Webb v. Morella*, 522 F. App'x 238, 241 (5th Cir. 2013) (per curiam) (quoting *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010) (internal quotation marks omitted)). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* (quoting *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (internal quotation marks omitted)). "Dismissal is appropriate when the plaintiff has not alleged 'enough facts to state a claim to relief that is plausible on its face' and has failed to 'raise a right to relief above the speculative level.' " *Emesowum v. Houston Police Dep't*, 561 F. App'x 372, 372 (5th Cir. 2014) (*per curiam*) (quoting *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. 1955).

### III. ANALYSIS

Nutrien Ag argues that the Agreement should be read broadly to include both the DynaGro S52RY75 soybean seeds that are specifically mentioned in the Agreement <u>and</u> any other seed purchased on or about mid-May of 2017, and that the claim asserted in Funderburk Farm's Counterclaim is therefore covered by the Agreement and should be dismissed.

In interpreting the Settlement Agreement, the Court is guided by Mississippi law regarding

3

the construction of contracts.[2] In that regard, the Mississippi Supreme Court's decision in *Facilities, Inc. v. Rogers-Usry Chevrolet, Inc.*, 908 So. 2d 107, 110-117 (Miss. 2005), is instructive. In *Facilities, Inc.*, the court held that, in interpreting a contract, courts first apply the "four corners" test, focusing on the language that the parties used in expressing their agreement. *Id.* at 111. Courts are, therefore, "not at liberty to infer intent contrary to that emanating from the text at issue." *Id.* Indeed, a court's concern is not "what the parties may have intended, but what they said, since the words employed are by far the best resource for ascertaining the intent and assigning meaning with fairness and accuracy." *Id.* Only if the contract is unclear or ambiguous can a court go beyond the text to determine the parties' true intent. *Id.* The mere fact that the parties disagree about the meaning of a contract provision does not make the contract ambiguous; in addition, silence alone with respect to certain language or a certain provision does not, as a matter of law, create an ambiguity in the contract. *Id.* at 111, 115. Ambiguity results solely when the intention of the parties is expressed in language susceptible to more than one meaning. *Id.* at 115.

In the case *sub judice*, the subject provision in the parties' Agreement is very specific and is not ambiguous – the parties clearly intended to settle and release the claim "regarding DynaGro S52RY75 soybean seed, supplied and/or planted by or for [Nutrien Ag] at or around Chickasaw County, Mississippi, on or about May 15th, 2017, which [Funderburk Farms] claims resulted in poor stand on approximately 200 acres" and claims that "arise out of or are in any way related to that claim." [Doc. 8-1]. The Court finds that the instant Counterclaim does not arise out of and is not related to the previous claim – the sole fact linking the claims is that both groups of seeds were

---

[2]     The Court notes that in this diversity action, the *Erie* doctrine applies and thus the determination whether the Plaintiff/Counter-Defendant's motion is meritorious is substantively guided by Mississippi state law. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78-80 (1938); *Centennial Ins. Co. v. Ryder Truck Rental, Inc.*, 149 F.3d 378, 382 (5th Cir. 1998).

purchased in the summer of 2017; the Agreement, however, specifically names *both* the particular seeds that were at issue (Lot no. S52RY75) *and* the acreage involved (200 acres). The present Counterclaim involves an entirely different seed lot and a far greater amount of acreage; it is directed solely towards "between 400- and 500-acres worth of DynaGro soybean seeds" that were part of lot number M62Y033. [Doc. No. 6]. Thus, the Court finds that the present Counterclaim relates solely to an entirely different group of seeds, planted on a separate section of land, than the seeds that were addressed in the Agreement. Further, given the specificity of the Agreement, which is not ambiguous and which pointedly and specifically addresses solely a different group of seeds (Lot No. S52RY75 versus Lot M62Y033) and a different section of land (200 acres addressed in the Agreement versus 400-500 acres presently at issue), the Court finds that the Counterclaim is not subsumed into the parties' Settlement Agreement, and thus the Agreement does not bar the Counterclaim. Nutrien Ag's present argument that the Agreement was intended to cover "any other seed purchased on or about mid-May of 2017" does not appear in the Agreement and is thus without merit given that the Agreement is not ambiguous and its terms are very specifically limited to the S52RY75 soybean seeds planted on 200 acres. The Court will not read those terms into the unambiguous Agreement.

## IV.    CONCLUSION

Accordingly, as outlined herein, the Court finds that the Defendant/Counter-Plaintiff, Funderburk Farms, has stated sufficient facts to maintain, at the present juncture, its Counterclaim. The Counterclaim is not barred by the parties' Settlement Agreement. The Plaintiff/Counter-

Defendant, Nutrien Ag's, motion to dismiss the Counterclaim shall therefore be denied.

An order in accordance with this opinion shall issue this day.

THIS, the 15th day of June, 2020.

_____

SENIOR U.S. DISTRICT JUDGE